## CONFESSIONS OBTAINED UNDER DURESS IN CRIMINAL CASES.

Circuit Court of Hamilton County.

HARRY KOHN v. STATE OF OHIO.

Decided, August 2, 1909.

*Criminal Law—Duress in Obtaining Confessions—Circumstances under which Admissions by a Suspect are not Voluntary—Prejudicial Error in the Admission of Testimony.*

1. Where a person suspected of crime is taken to a private office and questioned for two days and nights regarding circumstances surrounding the crime, and is kept under restraint until released by habeas corpus, and is repeatedly told that if he would tell the truth he would be allowed to go, his interrogators assuming to be the final arbiters of what was the truth, it is evident that his statements were influenced by fear of further restraint or the hope of regaining his liberty, and such statements can not be regarded as voluntary.

2. The claim that the statements made by an accused person under such circumstances were not confessions, but were mere admissions, does not make them competent evidence against him where they constitute conclusive evidence with reference to the crime charged, and to receive such statements as evidence constitutes prejudicial error.

3. It is also prejudicial error to admit a statement of a conclusion by a witness, who has stated no facts from which the conclusion can be drawn, and as to which the jury are quite as competent as the witness to draw a conclusion.

*William Littleford* and *Harry L. Gordon,* for plaintiff in error.
*Henry T. Hunt, Denis F. Cash* and *Coleman Avery,* contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The plaintiff in error, Harry Kohn, was indicted, tried and convicted of unlawfully, willfully and maliciously setting fire to and burning certain goods with intent to prejudice, damage and defraud certain insurance companies. One of the errors alleged is the admission as evidence of certain testimony given by Kohn before the State Fire Marshal, who was holding an official investigation of the origin and cause of the fire. He was taken by the fire marshal and two of his deputies under a sub-

poena to the Andrews Building, in Cincinnati, duly sworn, ex-
amined and re-examined at 'intervals during two days and nights
and continued under restraint until released upon writ of habeas
corpus.   During the examination he was repeatedly told by the
fire marshal that if he would tell the truth about it (the fire)
they would let him go.   The ·evidence is plain that he was sus-
pected of the crime, and he himself so understood it.   How then
can testimony given un-der such circumstances be said to be
voluntary as it must be to make it admissible?   *Spears* v. *State*,
2 O. S., 584.·

In the case of *Schoeffler* v. *State*, 3 Wis., 823, one proposition
of the syllabus is as follows:

''Confessions or statements extorted from a person by duress,
or made under circumstances which are equivalent to arrest or
duress, or any other circumstances, which show that they are not
voluntary, are inadmissible.''

The time and manner of detaining Kohn indicated that the
fire marshal was not satisfied that he was telling the whole truth,
and when he told him that if he would tell the truth about it
they would let him go there was an implied threat to restrain
him until he did tell the truth, the fire morshal of course being
the final arbiter of what was the truth.   The statements were
evidently induced by fear of being deprived of his liberty or
by hope of being released so that he might obtain the advice of his
relatives and counsel.

It is said, however, that these statements were not confessions
but mere admissions which can not be excluded; but the admis-
sions embraced the preparation of certain fictitious bills of goods
presented to the insurance companies as proofs of loss, which
fact was conclusive evidence of intent to defraud, the essential
element of the crime charged in the second· count of the indict-
ment, and of which he was convicted.   The prosecutor admits
that it was· a most damaging admission, and we think its effect
was the same as a confession of guilt. · The prosecutor says in
brief if all the admissions were eliminated entirely from the rec-
ord, the fact· remains that the Stuhlburg bill was forgery.   This
does not cure the error, as the accused is entitled to have the
jury determine his guilt or innocence upon competent evidence

alone, and further shows that zeal for conviction should be subordinate to legal procedure. It was error to admit the statements as evidence and was prejudicial.

One of the witnesses for the state in describing the condition of the rooms after the fire testified as follows:

"Room 3 didn't seem to have any remnants of anything; everything was quite clean. The shelves were scorched, but there didn't seem as if there ever had been any stock on those shelves."

A motion to rule out "there didn't seem," etc., was overruled and exception taken.

The witness had recited no facts from which the conclusion could be drawn, and if hé had the jury were quite as competent and should have been allowed to draw their own inference. The question of what stock was in the room and whether consumed by fire was vital. Hence the error in overruling the motion to strike out was prejudicial. A like statement and erroneous ruling appear on page 999 of the bill of exceptions. The same objection may be urged against the question: "State whether or not she come back willingly if you know?" put to one witness concerning another who had gone out of the jurisdiction of the court and was returning.

On pages 158 and 845 witnesses were permitted to testify that the fire started in a certain cupboard, although their investigations were made after the fire, and the facts upon which the opinion was based could have been and were partly submitted to the jury.

The answer given at page 845 was objectionable also because not responsive to any question put to the witness.

Counsel says in his brief that there was no evidence that the place was set on fire. Of course there is no direct evidence, but there are circumstances and admissions besides those made before the fire marshal that fully sustain the verdict, and we therefore hesitate in reversing the judgment, but as said by Price, J., in *Geiger* v. *State,* 70 O. S., 400: "The law of a fair trial must be upheld."

Many other errors are assigned in the record, but we find none requiring special notice or that would justify a reversal.

Judgment reversed and cause remanded for a new trial.